JOHN WORTH *v.* DORRIS WORTH.

*Error from Shawnee County.*

On petition in error from an order granting an injunction, on an application for alimony in an action for divorce, the record showing that at the first hearing the "affidavit was quashed," and time given for amending it, and the record not containing either the affidavit or petition, *it seems* that, had the Supreme Court jurisdiction, it would presume a sufficient showing to sustain the order; * but,

Section 16 of act of Feb. 27th, 1860 [Chap. 81, Comp. L., 477], precludes the exercise by this court, of any jurisdiction in divorce cases. Cause dismissed.

The opinion of the court presents the condition of the record.

*Greer* and *Ryan,* for plaintiff in error, cited § 260, Civ. Code; Voorhies Code, 412; 10 How. Pr., 542; 7 Bos., 643, and Nash's Pl., 447, against the practice of allowing amendments of affidavits under the circumstances of this case.

No counsel for defense.

---

* Kupfer *v.* Sponhorst, 1 Kans., 75; Pratt *v.* Miller, 2 id., 192; McBride *v.* Hartwell, id., 410; id., 347; Goff *v.* Russell, 3 id., 212; id., 276; id., 85.

*By the Court,* KINGMAN, C. J.

In November, 1865, the defendant in error filed her petition for divorce and alimony, and praying for a temporary injunction. The injunction was granted.

The plaintiff in error moved to discharge the injunction, because of the insufficiency of the petition and affidavit. This motion was heard at chambers on the 14th day of December, at which time, the agreed case shows that the judge "quashed the affidavit," and continuing the injunction, gave the defendant in error until the 18th to amend her affidavit, at which time further time was given, till the 20th, when the amended affidavit was filed, and the injunction so modified as to discharge it as to part of the property, and continue it as to the residue. If this statement of the case shows a somewhat anomalous set of proceedings, it is not because this court has misunderstood the record.

Neither the petition nor either of the affidavits are shown in the record, and if this court has jurisdiction of the case, there is nothing for it to do in the matter.

The presumption is, that there was sufficient showing at the last hearing, to authorize the order of injunction. As there is no complaint as to that order, as presented in the record, it must be taken as the granting of a new injunction upon proper grounds, and we can make no order whatever in the case. Nor are we disposed to comment on the alleged irregularity of the proceedings. Whatever may be our opinion of the propriety of an order "quashing an affidavit," upon a motion to discharge an injunction or continuing an injunction without an affidavit, we cannot in this case enforce our views by any appropriate order. We cannot direct the discharge of the injunction, because we must, in

the absence of the papers, presume it to have been properly granted at the last hearing.   Wherefore the petition in error will be dismissed.

It has been suggested that this court has no jurisdiction of this matter.  (*See* §16 *of Ch.* 81, *Comp. L.*) This section must be deemed conclusive, as to the want of jurisdiction of this court, and would of itself, require the dismissal of the cause, in this court.

All the justices concurring.